UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, an individual,<br>Plaintiff,<br>v.<br>DHANUBA HOSPITALITY, INC.; PRAVIN R. AHIR, an individual; SURESHBHAI R. AHIR, an individual, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. **8:26-cv-00854-JDE**<br><br>STIPULATED PROTECTIVE ORDER |

Plaintiff Jane Doe, Defendant Dhanuba Hospitality, INC.; Defendant Pravin R. Ahir, and Defendant Sureshbhai R. Ahir (collectively the "Parties") agree that discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted.

Accordingly, the Parties stipulate and agree, subject to approval of the Court, to enter the following Protective Order. The Parties acknowledge that this Order is consistent with Fed. R. Civ. P. 26 and LCR 26(c). That Parties acknowledge and agree that it does not confer blanket protection on all

disclosures or responses to discovery; and the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

1. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than pursuing this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

2. GOOD CAUSE STATEMENT

This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the

prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

3. ACKNOWLEDGMENT OF UNDER SEAL FILING PROCEDURE

The parties further acknowledge, as set forth in Section 14.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the standards and procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

Further, if a party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. See Pintos v. Pacific Creditors Ass'n., 605 F.3d 665, 677-79 (9th Cir. 2010).

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of

why redaction is not feasible.

4. <u>DEFINITIONS</u>

4.1 Action**: *Jane Doe v. DHANUBA HOSPITALITY, INC., et al.***

4.2 Party: any party named in this Action that has not been dismissed.

4.3 "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

Discovery Materials (regardless of how it is generated, stored or maintained) or tangible things reflecting: [1] potentially sensitive personal identifying numbers and financial information, including but not limited to social security numbers, credit card information, bank account information, and financial account numbers and amounts; [2] any trade secret or other confidential research, development, proprietary or competitively sensitive information; [4] medical records including but not limited to psychiatric or psychological medical records; and [5] any material prohibited from disclosure by statute, caselaw or Court Order that is nonetheless discoverable. "Confidential Information" does not include "Plaintiff's Identity" which is separately addressed in Sections 4.4 and IV.

4.4 Plaintiff's Identity: means Plaintiff's personally identifiable information, including: [1] names and aliases used by Plaintiff at any time; [2] Plaintiff's date of birth; [3] Plaintiff's Social Security Number; [4] Plaintiff's current and prior residential address; [5] Plaintiff's personal and home phone numbers and social media or online user accounts; [6] Plaintiff's physical description, including weight, hair color, eye color, ethnicity, tattoos, piercings; [7] Videos, photographs, or other depictions of Plaintiff; and [8] the names of Plaintiff's parents, siblings, children, and spouse, if any.

4.5 Counsel of Record: any attorneys representing a Party.

4.6 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "PLAINTIFF'S IDENTITY."

4.7 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery.

4.8 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

4.9 House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

4.10 Non-Party: any natural person, partnership, corporation, association or other legal entity not named as a Party to this action.

4.11 Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, and includes support staff.

4.12 Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

4.13 Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

4.14 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

4.15 Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "PLAINTIFF'S IDENTITY." as provided for in this Stipulated Protective Order.

4.16 Receiving Party: refers to a Party or Non-Party to which information or items containing Confidential Information or Plaintiff's Identity that has been produced by a Designating Party.

5. <u>ACCESSING AND USE OF PLAINTIFFS IDENTITY</u>

5.1 During pre-trial proceedings in this Action and in any public filings, subject to further order, the Parties must either redact Plaintiff's Identity or use the pseudonym "Jane Doe" in place of Plaintiff's Identity.

5.2 After the filing of this Order by the Court, Plaintiff shall provide Defendants, through their Counsel, with Plaintiff's full name, maiden name, alias names used at any time, birthday, address, trafficker(s)' names, trafficker(s)' associate(s)' names, and any known identifying information about their trafficker(s) and associate(s). Nothing in this Order shall prevent any Party from seeking further protections or modification of this Order for the trial or litigation of this Action. Nothing in this Order shall prevent a Party from requesting from Plaintiff during the course of discovery any other information that is linked or linkable to the true identity of Plaintiff or her trafficker(s) and associates. Relatedly, nothing in this Order relieves Plaintiff of the obligation to produce any discoverable documents or information that Plaintiff intends to rely upon at trial

5.3 Access to Plaintiff's Identity shall be limited to, and only to, the following:

(a) The Parties, as defined in Section 1.2(b), who are bound by this Order, including current owners, current officers, current directors, and current employees of the Parties (including In-House Counsel), and agents and/or representatives of any of the foregoing, necessary to litigate any claims or

defenses (but only to the extent that such individuals are not alleged to be traffickers);

(b) Any Counsel of Record for the Parties who are bound by this Order and retained specifically for this Action, and employees, agents, and representatives of Counsel of Record as needed to litigate any claims or defenses;

(c) Law enforcement agencies and agency personnel;

(d) Former employees (including In-House Counsel), officers, contractors, and representatives of the Parties will have access to Plaintiff's name and photographs only, who Counsel of Record for a Party in good faith believes may be called to testify at trial or deposition in this Action and who execute Exhibit A;

(e) Any witness, except Non-Party traffickers of Plaintiff and the Non-Party traffickers' associates, who Counsel of Record for a Party in good faith believes may be called to testify at trial or deposition in this Action and who signs Exhibit A will have access to Plaintiff's name and photographs only. If a witness refuses to sign Exhibit A, the witness will have access to Plaintiff's name and photographs only, provided they are made aware of this Protective Order and their obligations under it, and that Counsel executes the Attorney Certification Regarding Disclosure of Plaintiff's Identity or Confidential Information and Admonishment as to the Court's Protective Order attached as Exhibit B;

(f) Any mediator appointed by the Court or jointly selected by the Parties who executes Exhibit A;

(g) Insurers for any of the Parties, third-party administrators for the Insurers or Parties, or indemnitors for any of the Parties, including coverage counsel for the insurers, who have or may provide indemnity or other coverage in connection with the claims asserted in this dispute;

(h) The Court and Court personnel;

(i) Court reporters, recorders, and videographers engaged for depositions;

(j) Any custodian of records whom a Party reasonably believes has records related to Plaintiff that are likely to be relevant and admissible in this Action, so long as the request for records does not create a public record identifying Plaintiff as the Plaintiff in this Action;

(k) Any Expert, consultant, or investigator retained by the Parties, their Counsel of Record, or Outside Counsel specifically in connection with this Action and who have executed Exhibit A;

(l) Professional Vendors retained by the Parties, their Counsel of Record, or Outside Counsel, provided that the Professional Vendor executes Exhibit A.

(m) Government agencies and agency personnel, but only after such agency is made aware of this Order and to the extent that the disclosure of Plaintiff's Identity is necessary to litigate any claims or defenses or to comply with any obligations or requirements, and so long as the disclosure does not create a public record that identifies Plaintiff as the Plaintiff in this lawsuit; and

(n) Such other persons as hereafter may be designated by written agreement of Plaintiff in this Action or by order of the Court and who execute Exhibit A.

5.4 As used herein, "traffickers" does not include Defendants' employees and agents whose actions may meet the definition of trafficking. Only Plaintiff's identifying name(s) and/or photographs of Plaintiff may be disclosed to Plaintiff's alleged trafficker(s) and his or her counsel, and only to the extent it is necessary, i.e., that Plaintiff's Identity will assist the alleged trafficker(s) in recalling, relating, or explaining facts or in testifying. Such disclosure shall only take place if the procedures herein are followed and the disclosure is permitted by separate Court order, as outlined in the Subsection

below (Section 5.5).

5.5 Defendants may not disclose Plaintiff's Identity to the alleged traffickers and their associates without prior Court approval. To obtain Court approval, Defendants must comply with the Local Rules to seek to file a sealed application, serving Plaintiff with a copy, in which Defendants: (1) describe with reasonable specificity the nature of the information sought from the alleged trafficker(s) or their associate(s); (2) provide the identity of the trafficker(s) or their associate(s) from whom information is sought; (3) explain why the information is sought from the alleged trafficker(s) or their associate(s) as opposed to some other source; (4) identify any alternative means available to get the information; (5) identify any and all attempts to get the information from other sources; and (6) explain the necessity of disclosing Plaintiff's Identity to the alleged trafficker(s) or their associate(s). Within seven (7) days after Defendants file and serve their application, Plaintiff may file a response and if Plaintiff seeks to have the response sealed, Plaintiff must comply with the Local Rules, and Plaintiff must serve Defendants with a copy of her response that identifies: (1) any specific concerns with or objections to Defendants' request; and (2) facts demonstrating how and why Defendants' proposed disclosure of Plaintiff's Identity poses a risk of harm to Plaintiff and/or her family; and (3) any reasonable restrictions the Court should place on the disclosure of Plaintiff's Identity. The Court will then evaluate the application and provide its ruling. Should the Court grant Defendants' application, Defendants shall provide Plaintiff with at least fourteen (14) days advance notice of the contact and where and how the contact will occur.

6. <u>SCOPE</u>

A. The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or

compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

B. Any use of Protected Material at trial shall be governed by the orders of the trial judge and other applicable authorities. This Order does not govern the use of Protected Material at trial.

C. Except for Plaintiff's Identity, the protections conferred by this Protective Order do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

D. All provisions of this Protective Order and the protections conferred herein extend to any Non-Party asked or compelled to produce Protected Material.

E. This Protective Order is without prejudice to the right of any Party to seek further or additional or less restrictive protection of any Discovery Material or to modify this Protective Order in any way, including, without limitation, an order that certain matter not be produced at all.

F. To the extent a Designating Party provides Protected Material under the terms of this Protective Order to the Receiving Party, the Receiving Party shall not share that material with any Non-Party, absent express written permission from the Designating Party, unless in conformance with this Protective Order.

G. If a Party independently learns, obtains, or acquires Confidential Information or information regarding Plaintiff's identity, absent contrary order, such information is subject to this Protective Order, and the Party shall not share that material with any Non-Party, absent express written permission from the subject Party, unless in conformance with this Protective Order.

6. <u>DURATION</u>

Confidential Information that is subject to this Protective Order may be marked and used as trial exhibits by either party, subject to terms and

conditions imposed by the Court upon application by any party. The commencement of trial nor the termination of this case shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order.

7. DESIGNATING PROTECTED MATERIAL

7.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items or oral or written communications that qualify so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

7.2 Manner and Timing of Designations. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure of Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in depositions that the Designating Party identifies the Disclosure or Discovery Material within 21 days after transcript availability.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

7.3 Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

8. CHALLENGING CONFIDENTIALITY DESIGNATIONS

8.1. Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

8.2 Meet and Confer. The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 et seq.

8.3 Joint Stipulation. Any challenge submitted to the Court shall be via a joint stipulation pursuant to Local Rule 37-2.

8.4 The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

9. ACCESS TO AND USE OF PROTECTED MATERIAL, AND FILING PROTECTED MATERIAL

9.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of

persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

9.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) Any witness who counsel in good faith believes may have relevant evidence or may be called to testify at trial who have signed the 'Acknowledgment and Agreement to Be Bound'" (Exhibit A);

(e) the court and its personnel;

(f) court reporters and their staff;

(g) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(i) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order; and

(j) any mediators or settlement officers and their support staff, mutually agreed upon by any of the parties engaged in settlement discussions.

10. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. If the Designating Party timely seeks a protective order, the Party served with the

subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

11. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this court within

14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

12. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment an Agreement to Be Bound" attached hereto as Exhibit A.

13. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), if the parties reach an agreement on the effect

of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

14. <u>MISCELLANEOUS</u>

14.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

14.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3 Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

15. <u>FINAL DISPOSITION</u>

After the final disposition of this Action, as defined in paragraph 6, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category,

where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 6 (DURATION).

16. VIOLATION

Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

**Singleton Schreiber, LLP**

DATED: 7-22-2026

*/s/ Meagan Verschueren*

Brett Schreiber, Esq.
Meagan Verschueren, Esq.
Katie Llamas, Esq.
Vanessa Trujillo, Esq.
591 Camino de la Reina, Ste. 1025
San Diego, California 92108
T: (619) 771-3473
E: bschreiber@singletonschreiber.com
E: mverschueren@singletonschreiber.com
E: kllamas@singletonschreiber.com
E: vtrujillo@singletonschreiber.com
*Attorneys for Plaintiff*

**Freeman Mathis & Gary, LLP**

DATED: 7-23-2026

/s/ Kimberly Wah
Kimberly Wah, SBN 265817
550 S. Hope Street, Suite 2200
Los Angeles, CA 90071
T: (213) 615-7000
E: Kimberly.Wah@fmglaw.com

DATED: 7-22-2026

/s/ Samantha L. Edwards
Samantha L. Edwards, SBN 323341
770 East Warm Springs Road, Suite 360
Las Vegas, NV 89119
T: 725-258-8401
E: Samantha.Edwards@fmglaw.com

*Attorneys for Defendants DHANUBA HOSPITALITY, INC., PRAVIN R. AHIR and SURESHBHAI R. AHIR*

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: September 2, 2026

JOHN D. EARLY
United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, ______________________________, of ______________________________, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California in the case of Jane Doe v DHANUBA HOSPITALITY, INC., et al., Case No. **8:26-cv-00854-JDE**. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this Action.

Date: ________________

____________________________________________
Printed Name

____________________________________________
Signature